UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALICIA MIMS, ET AL. | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-218-SDJ |
| | § | |
| CHEER ATHLETICS-PLANO, INC. | § | |

## **ORDER**

Before the Court is Defendant Cheer Athletics-Plano, Inc.'s ("Cheer Athletics") Suggestion of Bankruptcy. (Dkt. #46). The suggestion indicates that Cheer Athletics filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Texas. (Dkt. #46 at 3–4).

Under the Bankruptcy Code's automatic stay provision, the filing of a bankruptcy petition prevents the commencement or continuation of any litigation against the bankruptcy debtor for claims that arose before the petition was filed. 11 U.S.C. § 362(a)(1); *In re Coho Res., Inc.*, 345 F.3d 338, 343–44 (5th Cir. 2003). The automatic stay provision applies to bankruptcy petitions initiated under Chapter 11, such as the one at issue here. *Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Tr.*, 8 F.4th 417, 421 (5th Cir. 2021) (observing that a Chapter 11 bankruptcy triggers an automatic stay).

Therefore, the Court finds that Plaintiffs Alicia Mims, on behalf of her minor children A.M. and AL.M., and Jacqueline Yvette Hicks may not pursue their claims in this lawsuit against Cheer Athletics pending resolution of the bankruptcy proceeding: neither for violations of the Americans with Disabilities Act nor for

1

violations of the Texas Human Resources Code. (Dkt. #7 ¶¶ 69–93).

It is therefore **ORDERED** that this case is hereby **STAYED**, including any deadlines and hearings, until further order of the Court.

It is further **ORDERED** that counsel for Cheer Athletics shall advise the Court when bankruptcy proceedings have concluded.

**So ORDERED and SIGNED this 4th day of November, 2025.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE